IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                                   No. 16-CV-00744-KG-KK
                                                     No. 14-CR-02092-KG

JASON DANIEL SMITH,

    Defendant.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This matter is before the Court on Defendant Jason Daniel Smith's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody [CV Doc. 1; CR Doc. 55] and Plaintiff United States' Response To Jason Daniel Smith's Motion To Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 [CV Doc. 6; CR Doc. 60]. Counsel was appointed to represent Defendant, in accordance with the Administrative Order In the Matter of Representation in *Johnson v. U.S.*, 576 U.S. __, 135 S. Ct. 2551 (2015) Cases, 16-MC-00004, Doc. 19 (D.N.M. March 25, 2016). [CR Doc. 58] Defendant's counsel did not file a reply to the United States' response. Having considered the parties' pleadings, the record, and the applicable law, the Court concludes that an evidentiary hearing is not warranted. For the reasons explained below, Defendant's § 2255 motion will be denied, a certificate of appealability will be denied, and judgment will be entered.

**I.  BACKGROUND**

Defendant was charged by Information with:

Count 1

On or about March 14, 2014, in Hidalgo County, in the District of New Mexico, JASON DANIEL SMITH, unlawfully, knowingly and intentionally combined, conspired, confederated and agreed with other persons whose names are known and unknown to the Government to commit an offense against the United States, specifically, possession with intent to distribute marijuana, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(D).

In violation of 21 U.S.C. § 846.

Count 2

On or about March 14, 2014, in Hidalgo County, in the District of New Mexico, the defendant JASON DANIEL SMITH, during and in relation to a drug trafficking crime for which the defendant may be prosecuted in a court of the United States, specifically, conspiracy to possess with intent to distribute marijuana as charged in Count 1 of this Information, knowingly carried a firearm, a SCCY Industries, 9 mm handgun, serial number 030537.

In violation of 18 U.S.C. § 924(c).

[CR Doc. 31]   Defendant and the United States entered into a plea agreement, in which Defendant agreed to plead guilty to both counts of the Information and to waive his right to appeal or collaterally attack his conviction and sentence, except on the issue of counsel's ineffective assistance in negotiating or entering into the plea agreement.   [CR Doc. 34 at 7]

The Court accepted Defendant's guilty plea and the plea agreement and sentenced Defendant to 8 months of imprisonment on Count 1 and a consecutive term of 60 months of imprisonment on Count 2, for a total term of 68 months of imprisonment.   [CR Docs. 52, 53] The Court also sentenced Defendant to two years of supervised release as to each Count of the Indictment, said terms to run concurrently, for a total effective term of two years of supervised release.   [CR Doc. 53]   The Court rendered judgment on Defendant's conviction and sentence on April 23, 2015.   [CR Doc. 53]   Defendant did not file a notice of appeal.

On June 27, 2016, Defendant filed the present § 2255 motion seeking to vacate his conviction and sentence for carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c), in light of the United States Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause definition of a "crime of violence" in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii).  [CV Doc. 1; CR Doc. 55]  The United States responds that "the Supreme Court's holding in *Johnson* has absolutely no bearing on Mr. Smith's 18 U.S.C. § 924(c) conviction and sentence" because "Mr. Smith's 18 U.S.C. § 924(c) conviction was clearly for carrying a firearm during and in relation to <u>a drug trafficking crime</u> and not for carrying a firearm during and in relation to <u>a crime of violence</u>." [CV Doc. 6 at 3; CR Doc. 60 at 3 (emphasis in original)]

## II.  DISCUSSION

In *Johnson*, the Supreme Court considered whether the residual clause of the Armed Career Criminal Act (ACCA) violates the due process clause of the United States Constitution.  In general, the maximum term of imprisonment for a defendant convicted of being a felon in possession of a firearm is ten years.  *See* 18 U.S.C. § 924(a)(2).  "But if the violator has three or more earlier convictions for a 'serious drug offense' or a 'violent felony,' the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life." *Johnson*, 135 S.Ct. at 2555 (quoting § 924(e)(1)).  The ACCA defines a "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*

§ 924(e)(2)(B) (emphasis added).   The Court held that the residual clause of § 924(e)(2)(B)(ii), which is the italicized portion excerpted above, "denies fair notice to defendants and invites arbitrary enforcement by judges."   *Johnson*, 135 S. Ct. at 2557.   Therefore, "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."   *Id*. at 2563.   The Court clarified that its "decision does not call into question application of the Act to the four enumerated offenses [burglary, arson, extortion, or the use of explosives], or the remainder of the Act's definition of a violent felony."   *Id.*   The Court's decision in *Johnson* is "a substantive decision and so has retroactive effect . . . in cases on collateral review."   *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

In the present case, Defendant's sentence was not enhanced under the ACCA.   Defendant was convicted, however, of a violation of § 924(c), which provides for "an enhanced punishment" of "imprisonment of not less than 5 years," for "any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm."   18 U.S.C. § 924(c)(1)(A)(i).   A "crime of violence" is defined as a felony that:

> (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) *that by its nature, involves a substantial risk that physical force against the person or property of another may be sued in the course of committing the offense*.

§ 924(c)(3) (emphasis added).

Neither the United States Supreme Court nor the United States Court of Appeals for the Tenth Circuit have addressed the issue of whether the holding in *Johnson* applies to definition of a "crime of violence" in § 924(c)(3)(B).   The Court need not address this issue because the record

reflects that Defendant's § 924(c) conviction was not predicated on a "crime of violence," but rather, on a "drug trafficking" crime, specifically, conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D) and 21 U.S.C. § 846.  [CR Doc. 31] A "drug trafficking crime" is defined as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46."  § 924(c)(2).   Nothing in *Johnson* invalidated the definition of a "serious drug offense" in the ACCA,[1] or by extension, the definition of a "drug trafficking crime" in § 924(c)(2).   *See United States v. Pitt*, No. 16-8078, 2017 WL 117119, at *1 (10th Cir. Jan. 12, 2017) (denying a certificate of appealability because the defendant's "sentence enhancement [under § 924(c)] was based on a 'drug trafficking crime,' not a 'crime of violence,' so *Johnson* does not apply") (unpublished); *United States v. Teague*, No. 16-7056, 2016 WL 4400069, at *1-2 (10th Cir. Aug. 17 2016) (denying a certificate of appealability because, "even if *Johnson* extends to § 924(c)," the defendant's "sentence is unaffected" since he "was actually convicted of possessing a firearm during and in relation to a drug trafficking crime under § 924(c)—not a 'crime of violence.'") (unpublished).   Therefore, the Court concludes that *Johnson* is inapplicable to the present case and Defendant's § 2255 motion will be denied.

For the reasons explained above, the Court determines, under rule 11(a) of the Rules

---

[1] A "serious drug offense" is defined as:
(i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or

(ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance offense (as defined in section 102 of the Controlled substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law.

§ 924(e)(2)(A).

Governing Section 2255 Proceedings for the United States District Courts, that Defendant has failed to make a substantial showing that he has been denied a constitutional right as required by 28 U.S.C. § 2253(c)(2). Therefore, the Court will deny a certificate of appealability.

### III.     CONCLUSION

The Court concludes that Defendant is not entitled to relief under § 2255, because the holding in *Johnson* is inapplicable to the definition of a "drug trafficking crime" in § 924(c).

**IT IS THEREFORE ORDERED** that Defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody [CV Doc. 1; CR Doc. 55] is **DENIED**; a certificate of appealability is **DENIED**; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE